UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

REBECCA WILLIAMS JACKSON,   )
                            )
            Plaintiff,      )   Case No. 1:13-cv-74
                            )
v.                          )   Honorable Robert Holmes Bell
                            )
STATE OF MICHIGAN,          )
                            )   **REPORT AND RECOMMENDATION**
            Defendant.      )
_____)

This is a civil action brought by a *pro se* plaintiff. Although the caption of the complaint names only the State of Michigan, the body of the complaint identifies the defendants as the State of Michigan, Governor Rick Snyder, and Attorney General Bill Schuette. (Compl. ¶ 9). Plaintiff is not proceeding *in forma pauperis* and therefore is responsible for her own service of process. The only defendant served at this point is the State of Michigan.

Plaintiff's *pro se* complaint arises from a medical malpractice case formerly pending in the Mecosta County Circuit Court, styled *Rebecca Williams Jackson v. Mecosta County Medical Center*, case no. 09-019251-NH. The circuit court dismissed plaintiff's medical malpractice claim pursuant to the provisions of the Michigan Tort Reform Act, which requires medical malpractice actions to be accompanied by an affidavit of merit. *See* MICH. COMP. LAWS § 600.2912d. After the statute of limitations expired without plaintiff's compliance with this requirement of state law, the circuit court granted defendants' motion for summary disposition, dismissing the case with prejudice. Plaintiff appealed as of right to the Michigan Court of Appeals, raising a number of state and federal

issues, including a challenge to the requirements of section 2912d on the grounds of due process and equal protection. By *per curiam* opinion issued July 19, 2011, a panel of the Michigan Court of Appeals affirmed the dismissal. *Jackson v. Mecosta County Med. Ctr.*, No. 295219, 2011 WL 2848328 (Mich. Ct. App. July 19, 2011). By standard order issued November 21, 2011, the Michigan Supreme Court denied leave to appeal. Plaintiff's *pro se* complaint in the present case challenges the constitutionality of Mich. Comp. Laws § 600.2912 as violative of rights guaranteed by the federal Constitution, essentially repeating the arguments raised and rejected in the Michigan appellate system. Plaintiff seeks declaratory and injunctive relief, including an order issued to the Michigan Court of Appeals requiring it to reverse its decision and to remand plaintiff's malpractice case to the Mecosta County Circuit Court for further proceedings. (Compl. ¶ 117).

The only defendant presently before this court -- the State of Michigan -- has moved for judgment on the pleadings, FED. R. CIV. P. 12(c). The motion raises several defenses, including sovereign immunity under the Eleventh Amendment and claim preclusion under the Full Faith and Credit Act, 28 U.S.C. § 1738. Plaintiff has filed a responsive brief, arguing that sovereign immunity under the Eleventh Amendment does not apply to constitutional claims or to claims against the state for declaratory and injunctive relief. Plaintiff also asserts that "procedural irregularities" in the state-court action deprive it of preclusive effect.

District Judge Robert Holmes Bell has referred this matter to me for all pretrial purposes, including the issuance of a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). (Order of Reference, docket # 2). Upon review of the submissions of the parties, I conclude that all claims against the State of Michigan are clearly barred by sovereign

immunity. I therefore recommend that the motion for judgment on the pleadings be granted and that all claims be dismissed as against the State of Michigan.

## **Applicable Standard**

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) requires application of the same standards that govern motions to dismiss under Rule 12(b)(6). *See Reilly v. Vadlamud*, 680 F.3d 617, 622 (6th Cir.2012); *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006). Rule 12(b)(6) authorizes dismissal for "failure to state a claim upon which relief can be granted." FED.R.CIV.P. 12(b)(6). When deciding a motion under that Rule, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of h[er] claims that would entitle h[er] to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996). "[A] judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations." *Columbia Nat'l Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Id*. "To survive a motion to dismiss, [a plaintiff] must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). "Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**Discussion**

"From birth, the States and the Federal Government have possessed certain immunities from suit in state and federal courts." *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (*en banc*). The immunity of the states flows from the nature of sovereignty itself as well as from the Tenth and Eleventh Amendments to the United States Constitution. *See Alden v. Maine*, 527 U.S. 706, 713 (1999). Although the Eleventh Amendment embodies concepts of sovereign immunity, the immunity of the states from suit "neither derives from, nor is limited by, the terms of the Eleventh Amendment." *Id.* at 713. Rather, the immunity of a state from suit "is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today." *Id.* at 714. The state's immunity from suit in federal court applies to claims against a state by citizens of the same state as well as the claims against a state by citizens of another state. *Id.* at 728; *Ernst*, 427 F.3d at 358. The State of Michigan has asserted this sovereign immunity in its motion for judgment on the pleadings.

The state's immunity from suit in federal court is subject to certain exceptions. A principal exception is consent. A state may elect to waive its immunity through legislation or through specific conduct in litigation. *Ernst*, 427 F.3d at 358. The other principal source of immunity for suits against the state itself is abrogation by Congress. Congress may abrogate a state's immunity from suit in federal court if it makes its intention to abrogate unmistakably clear in the language of a statute and acts pursuant to a valid exercise of its power under the Enforcement Clause of the Fourteenth Amendment or other Civil War amendments. *See Nevada Dep't of Human Resources v. Hibbs*, 538 U.S. 721, 726 (2003); *Ernst*, 427 F.3d at 359. The present case, however, involves no recognized exception to the state's immunity from suit in federal court. The State of

Michigan has not consented to suit, as is made patent by its decision to assert its immunity at the first practical opportunity. Furthermore, Congress has never attempted to abrogate the immunity of the states from lawsuits of the kind that plaintiff now attempts to bring.

Plaintiff is simply wrong when she argues that the states do not have immunity from suit for claims alleging constitutional violations. Nothing can be further from the truth. Plaintiff has cited no authority standing for the proposition that a state is subject to suit on constitutional claims in federal court, nor could she. Plaintiff is also incorrect in arguing that the states are not immune from suits seeking only declaratory or injunctive relief. "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, however, a State cannot be sued directly in its own name *regardless of the relief sought*." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (emphasis added).

Because plaintiff's suit against the State of Michigan itself is clearly barred by the doctrine of sovereign immunity, it is not necessary to reach the other defenses raised by the state in its motion to dismiss. If and when the individual defendants are served and have appeared, the court will then have opportunity to address other defenses that seem to have clear application to this lawsuit, such as *res judicata* and the *Rooker-Feldman* doctrine.

**Recommended Disposition**

For the foregoing reasons, I recommend that the motion of the State of Michigan for judgment on the pleadings (docket # 3) be granted and that all claims against the state be dismissed on the ground of sovereign immunity.


Dated:  April 8, 2013               /s/  Joseph G. Scoville
                                    United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).