UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


REBECCA WILLIAMS JACKSON,

        Plaintiff,

                                          File No.  1:13-CV-74

v.

                                          HON. ROBERT HOLMES BELL

STATE OF MICHIGAN,

        Defendant.
                                       /

**ORDER APPROVING AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

        On April 8, 2013, United States Magistrate Judge Joseph G. Scoville issued a report and recommendation ("R&R") recommending that Defendant State of Michigan's Rule 12(c) motion for judgment on the pleadings (Dkt. No. 3) be granted, and that all of Plaintiff's claims against the State of Michigan be dismissed on the ground of sovereign immunity. (Dkt. No. 9, R&R.)  Plaintiff Rebecca Williams Jackson, appearing *pro se*, filed objections to the R&R on April 22, 2013.  (Dkt. No. 10, Br. in Opp. to R&R.)

        This Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.  The objections must

be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Plaintiff objects to the R&R based on her contention that sovereign immunity under the Eleventh Amendment does not apply to constitutional claims against the state for declaratory and injunctive relief. Plaintiff's claim lacks merit. For over a century the Supreme Court has made clear that "the Constitution does not provide for federal jurisdiction over suits against nonconsenting States." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000). "Because of the Eleventh Amendment, States may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." *Green v. Mansour*, 474 U.S. 64, 68 (1985). Plaintiff does not contend that the State has expressly consented to suit in federal court, or that Congress has validly abrogated the State's sovereign immunity. Instead, Plaintiff relies on a third exception to immunity that allows a citizen to file for an injunction to end a continuing violation of federal law. *See Ex parte Young*, 209 U.S. 123, 155-56 (1908); *Green*, 474 U.S. at 68. The *Ex parte Young* exception provides that Eleventh Amendment immunity "does not apply if the lawsuit is filed against a state official for purely injunctive relief enjoining the official from violating federal law." *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (en banc); *see also Green*, 474 U.S. at 68 (holding that *Ex parte Young* created an exception to Eleventh Amendment immunity "by asserting that a suit challenging the constitutionality of a state official's action in enforcing state law is not one

against the State"). This exception applies to suits against state officials; it does not apply to suits against the state itself.

Neither do the other cases cited by Plaintiff support her contention that sovereign immunity does not bar her suit against the state. *See Croskey v. BMW of N. Am.*, No. 02-73747, 2005 WL 4704767 (E.D. Mich. Nov. 10, 2005) (suit against doctor); *Derfiny v. Bouchard*, 128 F. Supp. 2d 450 (E.D. Mich. 2001) (suit against a hospital); *Ericson v. Pollack*, 110 F. Supp. 2d 582 (E.D. Mich. 2000) (suit against doctor).

Plaintiff also objects to any suggestion that the only people capable of accessing equal protection and due process protections are those citizens living outside of Michigan who press suit in federal courts in Michigan, and not Michigan's own citizens. Contrary to Plaintiff's assertions, the R&R makes no such suggestion. The R&R clearly provides that the sovereign immunity analysis applies to all people, not only to citizens of the state of Michigan: "The state's immunity from suit in federal court applies to claims against a state by citizens of the same state as well as the claims against a state by citizens of another state." (R&R at 4 (citing *Alden v. Maine*, 527 U.S. 706, 728 (1999); *Ernst*, 427 F.3d at 358 (6th Cir. 2005)).)

Upon *de novo* review, the Court concludes that the R&R has correctly determined that Plaintiff's claims against the State of Michigan are barred by the doctrine of sovereign immunity. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (Dkt. No. 10) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the April 8, 2013, R&R (Dkt. No. 9) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the State of Michigan's motion for judgment on the pleadings (Dkt. No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against the State of Michigan are **DISMISSED** on the ground of sovereign immunity.

Dated: April 23, 2013                                       /s/ Robert Holmes Bell
                                                            ROBERT HOLMES BELL
                                                            UNITED STATES DISTRICT JUDGE