UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBECCA WILLIAMS JACKSON,          )
                                   )
                 Plaintiff,        )      Case No. 1:13-cv-74
                                   )
v.                                 )      Honorable Robert Holmes Bell
                                   )
STATE OF MICHIGAN, et al.,         )
                                   )      **REPORT AND RECOMMENDATION**
                 Defendants.       )
                                   )
_____   )

      This is a civil action brought by a *pro se* plaintiff.  Plaintiff's complaint named as defendants the State of Michigan, as well as Governor Rick Snyder, and Attorney General Bill Schuette.  By opinion and order entered April 23, 2013, United States District Judge Robert Holmes Bell dismissed the State of Michigan on grounds of sovereign immunity.  Presently pending before the court is a motion to dismiss the complaint by the two remaining defendants on three alternative grounds.  (docket # 13).

      Plaintiff's *pro se* complaint arises from a medical malpractice case formerly pending in the Mecosta County Circuit Court, styled *Rebecca Williams Jackson v. Mecosta County Medical Center*, case no. 09-019251-NH.  The circuit court dismissed plaintiff's medical malpractice claim pursuant to the provisions of the Michigan Tort Reform Act, which requires medical malpractice actions to be accompanied by an affidavit of merit.  *See* MICH. COMP. LAWS § 600.2912d.  After the statute of limitations expired without plaintiff's compliance with this requirement of state law, the circuit court granted defendants' motion for summary disposition, dismissing the case with prejudice.

Plaintiff appealed as of right to the Michigan Court of Appeals, raising a number of state and federal issues, including a challenge to the requirements of section 2912d on the grounds of due process and equal protection. By *per curiam* opinion issued July 19, 2011, a panel of the Michigan Court of Appeals affirmed the dismissal. *Jackson v. Mecosta County Med. Ctr.*, No. 295219, 2011 WL 2848328 (Mich. Ct. App. July 19, 2011). By standard order issued November 21, 2011, the Michigan Supreme Court denied leave to appeal. Plaintiff sought *certiorari* in the United States Supreme Court, which was denied on June 25, 2012. *Jackson v. Mecosta Cnty. Med. Ctr.*, 133 S. Ct. 34 (2012).

Plaintiff's *pro se* complaint in the present case challenges the constitutionality of Mich. Comp. Laws § 600.2912 as violative of rights guaranteed by the federal Constitution, essentially repeating the arguments raised and rejected in the Michigan appellate system. Plaintiff seeks declaratory and injunctive relief, including an order issued to the Michigan Court of Appeals requiring it to reverse its decision and to remand plaintiff's malpractice case to the Mecosta County Circuit Court for further proceedings. (Compl. ¶ 117).

Governor Snyder and Attorney General Schuette raise three defenses in their motion to dismiss. First, they assert that plaintiff's claim is barred by the *Rooker-Feldman* doctrine, which deprives the federal district courts of jurisdiction to review the judgments of state courts in civil cases. Second, they raise the doctrine of issue preclusion. Finally, defendants assert that no case or controversy exists between them and plaintiff, as defendants have no control over the statutes passed by the Michigan Legislature or the rulings of the state courts, both of which are constitutionally separate bodies. Plaintiff has filed a brief in response to the motion to dismiss.

Judge Bell has referred this matter to me for all pretrial purposes, including the issuance of a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). Upon review of the submissions of the parties, I conclude that plaintiff's claim is indeed barred by the *Rooker-Feldman* doctrine, at least in part, and by the doctrine of issue preclusion. I therefore recommend that the motion to dismiss be granted and that final judgment be entered in favor of all defendants.

**Applicable Standard**

Rule 12(b)(6) authorizes dismissal for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citing FED. R. CIV. P. 8(a)(2)); *see Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. The court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012).

In general, when adjudicating a motion to dismiss under Rule 12(b), the court is limited to examination of the face of plaintiff's well-pleaded complaint. This rule, however, is subject to exceptions. First, the Sixth Circuit routinely authorizes review of a *res judicata* defense on motion to dismiss under Rule 12(b)(6). *See, e.g., Ohio ex rel. Boggs v. City of Cleveland*, 655

F.3d 516, 519 (6th Cir. 2011); *Daubenmire v. City of Columbus*, 507 F.3d 383, 387-89 (6th Cir. 2007). This is because the district court can take judicial notice of other court proceedings without converting a motion to dismiss to a motion for summary judgment. *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 817 (6th Cir. 2010). Likewise, the court can consider a *Rooker-Feldman* defense raised by motion under Rule 12(b)(1), because the *Rooker-Feldman* doctrine goes to the court's subject-matter jurisdiction. *See Pittman v. Cuyahoga Cnty. Dep't of Child & Family Servs.*, 241 F. App'x 285, 286-87 (6th Cir. 2007).

## Discussion

### A.    *Rooker-Feldman* Doctrine

Plaintiff's 65-page complaint ends with a prayer for declaratory and injunctive relief. Among the relief requested is that this court "issue to the Michigan Court of Appeals an order to review and reverse its *per curiam* decision affirming the dismissal of petitioner's complaint with prejudice." (Compl. ¶ 117, docket # 1). Plaintiff also requests an order remanding her dismissed action to the Mecosta County Circuit Court so that her complaint can be filed without the affidavit of merit required by Michigan law until such time as discovery is completed or directing that court to waive the requirements of Michigan law entirely. *Id.* Aside from requesting this court to order the Michigan Court of Appeals and circuit court to take specific actions with regard to her now-dismissed medical malpractice claim, plaintiff asks for no other specific relief.

Defendants contend that this action is barred by the *Rooker-Feldman* doctrine. This doctrine gets its name from two decisions of the United States Supreme Court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462

(1983).  As explained by the Supreme Court in subsequent cases, the *Rooker-Feldman* doctrine prevents the losing party in state court from suing in a federal district court after the state proceedings have ended, complaining of "an injury caused by the state-court judgment and seeking federal-court review and rejection of that judgment."  *Skinner v. Switzer*, 131 S. Ct. 1289, 1297 (2001).  Because the Supreme Court of the United States has exclusive jurisdiction to review final judgments of the state courts on federal questions under 28 U.S.C. § 1257, the district court lacks subject-matter jurisdiction to entertain such a direct challenge to a state-court judgment.  *Id.*

The Supreme Court has emphasized the "narrow ground" occupied by the *Rooker-Feldman* doctrine.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  The Court has directed the lower courts to confine application of the *Rooker-Feldman* doctrine "to cases of the kind from which the doctrine acquired its name:  cases brought by state-court losers . . . inviting district court review and rejection of the [state court's] judgments."  *Id.*  Although the scope of the *Rooker-Feldman* doctrine is narrow, the relief requested by plaintiff in the present case falls squarely within its prohibition.  Plaintiff asks this court to reverse the decision of the Michigan Court of Appeals and to direct that court to remand the matter to the Mecosta County Circuit Court, with instructions to ignore state statutory law, on the ground that the statute is unconstitutional.  If any request for relief falls within the scope of *Rooker-Feldman*, plaintiff's does.  This court has no jurisdiction to reverse the final judgments of the state courts in civil matters.

Plaintiff's principal argument in opposition to the application of *Rooker-Feldman* to her case is that this court has already decided that it has subject-matter jurisdiction.  Plaintiff points to the previous report and recommendation and order of dismissal, in which the court determined that defendant State of Michigan was entitled to dismissal on the ground of Eleventh Amendment

sovereign immunity. Plaintiff argues at length that the court's prior determination was a *sub silento* finding that it has subject-matter jurisdiction and that defendants cannot argue to the contrary. Plaintiff's position is specious. Eleventh Amendment immunity has the nature of a jurisdictional defense. *See Edelman v. Jordan*, 415 U.S. 651, 678 (1974); *Estate of Ritter v. Univ. of Mich.,* 851 F.2d 846, 851-52 (6th Cir. 1988). In ruling on the Eleventh Amendment immunity of the State of Michigan, the court did not state or imply that subject-matter jurisdiction existed with regard to claims against any other defendant.

In summary, plaintiff's express request for an order reversing a decision of the Michigan Court of Appeals and remanding the case to the circuit court for further proceeding is precluded by the *Rooker-Feldman* doctrine.

### B. Res Judicata

Although the *Rooker-Feldman* doctrine precludes direct review of state-court judgments, it does not bar federal-court review of the constitutionality of state statutes, even if those statutes have been authoritatively construed by the state courts. *Skinner*, 131 S. Ct. at 1298. Consequently, even though this court does not have subject-matter jurisdiction to review and reverse the decision of the Michigan Court of Appeals in plaintiff's previous medical malpractice action, the court would have jurisdiction to entertain -- in a proper case -- a challenge to the constitutionality of the provisions of Michigan's Medical Malpractice Act challenged in plaintiff's complaint.

This, however, is not an appropriate case. Defendants have raised the defense of *res judicata* arising from the decision of the Michigan Court of Appeals rejecting the very constitutional challenges that plaintiff now seeks to bring in this court. Specifically, defendants have raised the bar

of collateral estoppel, or issue preclusion.  Issue preclusion bars relitigation of an issue when the identical issue was raised and actually litigated in a prior proceeding, the determination of the issue was necessary to the outcome, the prior proceeding resulted in a final judgment on the merits, and the party against whom issue preclusion is sought had a full and fair opportunity to litigate.  *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 (1984).  The doctrine of issue preclusion applies to issues of both fact and law.  *See Georgia-Pacific Cons. Prods. LP v. Four-U Pkg., Inc.*, 701 F.3d 1093, 1097-98 (6th Cir. 2012); *Hlady v. Wolverine Bolt Co.*, 224 N.W.2d 856, 859 (Mich. 1975).  Where, as here, the prior judgment was rendered in a state court, the federal court must give to the state-court judgment the same preclusive effect as the judgment would have been given under the law of the state in which the judgment was rendered, by virtue of the Full Faith and Credit Act.  28 U.S.C. § 1738; *see Migra*, 465 U.S. at 81.

The Michigan courts apply collateral estoppel when (1) the parties in both proceedings are the same or in privity, (2) there was a valid, final judgment in the first proceeding, (3) the same issue was actually litigated in the first proceeding, (4) that issue was necessary to the judgment, and (5) the party against whom preclusion is asserted (or its privy) had a full and fair opportunity to litigate the issue.  *United States v. Dominguez*, 359 F.3d 839, 842 (6th Cir. 2004) (citing *People v. Gates*, 452 N.W.2d 627, 630-31 (Mich. 1990)).  Although *Gates* requires the parties to be the same or in privity, the Michigan Supreme Court has since rejected the mutuality requirement for the defensive use of collateral estoppel.  *Monat v. State Farm Ins. Co.*, 677 N.W.2d 843, 850-52 (Mich. 2004); *see also Moses v. Dep't of Corr.*, 736 N.W.2d 269, 283 (Mich. Ct. App. 2007) (acknowledging that *Monat* dissolved the mutuality requirement for defensive collateral estoppel).

Consequently, even though defendants Snyder and Schuette were not parties to the Mecosta County Circuit Court proceeding, they are entitled to raise its preclusive effect, because plaintiff was a party in that case. All of the requirements for the application of collateral estoppel are present in this case. First, plaintiff was a party in the Mecosta County Circuit Court proceeding. Second, a valid final judgment was entered in that case and was appealed all the way to the United States Supreme Court. Third, the same issues were actually litigated in the Mecosta County case. This conclusion is made patent by the opinion of the Michigan Court of Appeals, which thoroughly discusses all of the claims that plaintiff now seeks to assert, including allegations of due process and equal protection violations and the claim that the requirements of Michigan statutory law conflict with HIPAA or other federal statutes. The resolution of these issues was indeed necessary to the judgment, as the only reason for dismissal of plaintiff's malpractice action was her failure to comply with the requirements of the statute within the limitations period. Finally, plaintiff had a full and fair opportunity to litigate the issue in the state courts and even had an opportunity to present her claims to the United States Supreme Court. The application of the doctrine of collateral estoppel is therefore unquestionably correct. The Michigan courts would not allow relitigation of the same issues in a new lawsuit, and the Full Faith and Credit Act, 28 U.S.C. § 1738, requires the same result in federal court.

To the extent that plaintiff has the right to litigate the constitutionality of the Michigan medical malpractice law in federal court, that right was extinguished by the entry of a final judgment against her on the same issues in the state courts. The federal courts are required to accord the final judgments of the state courts full faith and credit. Plaintiff's challenge to the

constitutionality of Mich. Comp. Laws § 600.2912d(1) is therefore barred by the doctrine of issue

preclusion or collateral estoppel.[1]

## **Recommended Disposition**

For the foregoing reasons, I recommend that defendants' motion to dismiss (docket

# 13) be granted and that plaintiff's actions be dismissed with prejudice.


Dated:   June 11, 2013                          /s/  Joseph G. Scoville
                                                United States Magistrate Judge


## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).

---

[1] In light of this recommended disposition, it is unnecessary to reach the third ground for dismissal (lack of case or controversy) raised in defendants' motion to dismiss.