UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBECCA WILLIAMS JACKSON,

    Plaintiff,

v.

Case No. 1:13-CV-74

HON. ROBERT HOLMES BELL

STATE OF MICHIGAN, et al.,

    Defendants.
                                         /

## MEMORANDUM OPINION AND ORDER
## APPROVING AND ADOPTING REPORT AND RECOMMENDATION

This is a declaratory judgment case filed pursuant to 28 U.S.C. § 2201. Defendants Snyder and Schuette filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff's claims are barred by (1) the *Rooker-Feldman* doctrine; (2) issue preclusion; and (3) in the alternative, that no case or controversy exists between Plaintiff and remaining Defendants. The matter was referred to Magistrate Judge Scoville, who issued a Report and Recommendation (R&R). The Magistrate Judge recommended that this Court grant Defendant's motion. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. Also before the Court is Plaintiff's Motion for Leave to File a First Amended Complaint. In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections, denies Plaintiff's motion, and issues this Opinion and Order.

Plaintiff raises four objections to the Report and Recommendation. First, Plaintiff reiterates her argument that if the Court now lacks subject matter jurisdiction, it "would have needed to argue that [it] lacked subject matter jurisdiction before" dismissing the State of Michigan as a Defendant

(Pl.'s Obj., Dkt. No. 23 at 5; R&R, Dkt. No. 19 at 6). Second, Plaintiff reiterates her argument that *Evans v. Cordray*, 424 F. App'x 537 (6th Cir. 2011), controls in her case (Pl.'s Obj., Dkt. No. 23 at 5). Third, Plaintiff argues that the Report and Recommendation is deficient because it "neglects to cite legal authorities" to contradict Plaintiff's interpretation of the *Rooker-Feldman* doctrine, which "require[s] that in order for a court to apply the doctrine, the court must have not issued any order other than it lacked subject matter jurisdiction" (*id.*). Finally, Plaintiff contends that the Report and Recommendation is deficient because it "neglects any cited legal authority for the argument that a state court medical malpractice claim is equal to federal court claim [sic] for unconstitutional enforcement of a law to apply *res judicata*" (*id.*).

Plaintiff's objection to the evaluation of the existence of subject matter jurisdiction after the Court has dismissed a Defendant is without merit. The existence of subject matter jurisdiction is a foundational matter, so important that "[t]he existence of subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the court itself." *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005) (citing *Cmty. Health Plan of Ohio v. Mosser,* 347 F.3d 619, 622 (6th Cir. 2003). When this Court granted the State of Michigan's motion to dismiss (Dkt. No. 12) on the basis of the 11th Amendment, it did not "grant[] itself subject matter jurisdiction" (Pl.'s Obj., Dkt. No. 23 at 6) over Plaintiff's case.

Even if the Court had "granted itself subject matter jurisdiction," the existence of subject matter jurisdiction can be raised at any time. *See In re Lewis*, 398 F.3d at 739. As the Sixth Circuit has recently reiterated, "a federal court must dismiss any claim for which it lacks jurisdiction without addressing the merits." *Chase Bank v. City of Cleveland*, 695 F.3d 548, 553 (6th Cir. 2012). It is therefore wholly appropriate to evaluate the existence of subject matter jurisdiction at this stage of the present case.

Plaintiff's objections to the Magistrate Judge's application of the *Rooker-Feldman* doctrine are without merit. Plaintiff cites *Evans v. Cordray*, 424 F. App'x 537 (6th Cir. 2011), for the proposition that to apply *Rooker-Feldman*, the "source of the injury must be evaluated" (Pl.'s Obj., Dkt. No. 23 at 7). However, the Magistrate Judge correctly identified the injury for which Plaintiff seeks redress: "Plaintiff asks this court to reverse the decision of the Michigan Court of Appeals and to direct that court to remand the matter to the . . . Circuit Court" (R&R, Dkt. No. 19 at 5). Plaintiff's injury, then, is "caused by the state-court judgment" and Plaintiff seeks "federal-court review and rejection of that judgment." (*id.*) (quoting *Skinner v. Switzer*, ___ U.S. ___, 131 S. Ct. 1289, 1297 (2011). The Magistrate Judge correctly concluded that the relief Plaintiff seeks regarding the state-court judgments against her "falls squarely within [*Rooker-Feldman*'s] prohibition" (R&R, Dkt. No. 19 at 5). Plaintiff's objections that the Magistrate Judge did not cite legal authority to support his conclusions are facially without merit.

Plaintiff also objects to the Magistrate Judge's application of *res judicata* to her due process and equal protection claims (Pl.'s Obj., Dkt. No. 23 at 8-12). Plaintiff argues that if the Court lacks subject matter jurisdiction over some of her claims, it cannot apply *res judicata* to others of her claims (*id.*). Plaintiff appears to conflate the Court's rejection of her request to review (and overturn) the decision of Michigan's state courts on the basis of the *Rooker-Feldman* doctrine and the Court's rejection of her constitutional claims on the basis of *res judicata* (*id.*).

The Magistrate Judge correctly applied relevant law to conclude that because Plaintiff fully litigated her constitutional claims before Michigan's Circuit Court, Court of Appeals, Supreme Court, and the Supreme Court of the United States, she is precluded from re-litigating those same constitutional issues before this Court (R&R, Dkt. No. 19 at 7-8) (citing *United States v. Domiguez*,

359 F.3d 839, 842 (6th Cir. 2004); *People v. Gates*, 452 N.W.2d 627, 630-31 (Mich. 1990)). Plaintiff's objections to the contrary are without merit.

Plaintiff has also filed a Motion for Leave to File a First Amended Complaint (Dkt. No. 20), to which Defendants have filed a Response (Dkt. No. 21). Plaintiff argues that this Court's grant of leave to amend her complaint "serves the interests of justice" (Pl.'s Mot., Dkt. No. 20 at 3). Plaintiff states "Magistrate Scoville noted that if he understood the direction of the claim to challenge the enactment and enforcement of the law . . . then the claim could proceed" (*id.*). Unfortunately for Plaintiff, such language does not appear in either Report and Recommendation issued by Magistrate Judge Scoville. Further, as Defendants point out, the proposed First Amended Complaint contains substantially ths same claims as the original complaint, and would be subject to dismissal for the same reasons given in the Report and Recommendation (Def.'s Resp., Dkt. No. 21 at 2). "When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001). Plaintiff has failed to meet her burden to show why amendment at this stage serves the interests of justice, particularly when the proposed amendment continues to fail to state a claim for which relief can be granted.

For the foregoing reasons, Plaintiff's Objections are denied, and the Court will enter a Judgment consistent with this Opinion and Order. Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation (Dkt. No. 19) is **APPROVED** and **ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's Objections to the Report and Recommendation (Dkt. No. 23) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Dkt. No. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a First Amended Complaint (Dkt. No. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**.


Dated: September 12, 2013                /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         UNITED STATES DISTRICT JUDGE